UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MARC TRAUTMAN
on behalf of himself and all
others similarly situated,

       Plaintiff,                         Case No. 20-cv-43

       v.

MIDWEST COMPOSITE TECHNOLOGIES, LLC

       Defendant

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Marc Trautman, on behalf of himself and all others similarly situated, and Defendant, Midwest Composite Technologies, LLC, jointly move this Court for final settlement approval in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," (hereinafter simply, the "Settlement Agreement"), (ECF No. 17-1), which was preliminarily approved by this Court on July 30, 2021. (ECF No. 20.)

### SETTLEMENT BACKGROUND

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. (*See, generally,* ECF No. 1.)

In mid-February 2021, counsel for the parties began directly discussing settlement. (Luzi Decl., ¶ 9.) Between approximately February 2021 and June 2021, counsel for the parties debated

and analyzed their respective legal arguments and factual positions, and the parties concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation, including extensive written discovery, depositions, document review and production, and the filing of conditional certification, certification, decertification, and dispositive motions. (*Id.*)

From approximately February 2021 to June 2021, counsel for the parties communicated directly and engaged in substantive arms-length settlement negotiations with each other regarding legal authority relevant to Plaintiff's causes of action and Defendant's defenses. (Luzi Decl., ¶ 10.) Defendant produced relevant documentation, including Plaintiff's payroll records, Plaintiff's time records, and class-related information, such as payroll and timekeeping data for hourly-paid, non-exempt employees employed at Defendant between January 2018 and January 2021. (*Id.*) Counsel for the parties created and exchanged detailed damages models and monetary settlement calculations and discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*)

While the parties maintained a strong belief in their respective legal and factual positions and on the possibility of class and collective certification (and/or de-certification), they recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including depositions and extensive document review and production. The time and expense associated with discovery, briefing, and hearings on collective and class certification alone would have been substantial, further supporting the parties' decision to enter into settlement negotiations, resulting in the parties' Settlement Agreement. After the parties preliminarily agreed on settlement terms and conditions, the counsel for the parties drafted and finalized the Settlement Agreement, which the parties believe is fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶ 10.)

26187682.3

On July 14, 2021, the parties filed their Joint Motion for Preliminary Settlement Approval, (ECF No. 17), and their fully executed Settlement Agreement with the Court. (ECF No. 17-1.) On July 30, 2021, the Court preliminarily approved the Settlement Agreement, (ECF No. 20), and, among other things, that the parties' Notice Packet be sent to all Putative Collective Members and Putative Class Members. (*Id.*)

On August 13, 2021, Plaintiff's counsel distributed the Notice Packet to the eighty-five (85) Settlement Class members via U.S. first-class mail. (Luzi Decl., ¶ 12.) The Notice period ended on September 27, 2021. (*Id.*) The parties received twenty-two (22) timely opt-ins, which were filed with the Court, (ECF Nos. 21-1 to 28-1), and only one (1) "late" opt-in, which the parties jointly agreed to accept and which was filed with the Court. (ECF No. 29-1.) These twenty-three (23) Final FLSA Settlement Class members will receive their individual settlement amounts as noted in ECF No. 17-1, Exhibit B, totaling approximately $13,396.00. (*Id.*) The eighty-five (85) Final Wisconsin Settlement Class members will receive their individual settlement amounts as noted in ECF No. 17-1, Exhibit B, totaling approximately $34,953.00. (*Id.*) To date, the parties have not received any requests for exclusion (or, "opt outs"), and they have not received any objections to the Settlement Agreement. (Luzi Decl., ¶¶ 12, 15.)

Given the considerations above, counsel for the parties believe that the terms and conditions embodied in the parties' Settlement Agreement, (ECF No. 17-1), to be fair, reasonable, and adequate.

26187682.3

**REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

According to its terms, the Settlement Agreement will become effective (the "Settlement Effective Date") (30) thirty days after the Court enters an order granting final approval of the settlement. Within fourteen (14) calendar days following the Settlement Effective Date, Defendant will deliver settlement checks for the Final Settlement Class members, the Court-approved Service Payment for Plaintiff, and the Court-approved attorneys' fees and costs for Plaintiff's counsel ("Settlement Proceeds") to Plaintiff's counsel for distribution. (ECF No. 17-1, ¶ 3.4(A).) Once received, Plaintiff's counsel will promptly send, via first class mail, checks to all Final Settlement Class members. Final Settlement Class members will have one hundred twenty (120) days from the date of issuance to cash their settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (*Id.* at ¶ 2.3.)

**ARGUMENT**

**I.  FINAL SETTLEMENT APPROVAL STANDARD**

A Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case,

26187682.3

weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II.     FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages.

Between approximately February and June 2021, counsel for the parties debated and analyzed their respective legal arguments and factual positions, and they concluded that the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including extensive written discovery, depositions, document review and production, and the filing of conditional certification, certification, decertification, and dispositive motions. (Luzi Decl., ¶¶ 9-10.) The parties recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including depositions and extensive document review and production – all of which supported the parties' decision to enter into settlement negotiations, resulting in the parties' Settlement Agreement. (*Id.*)

26187682.3

Ultimately, the parties believe that their Settlement Agreement is a fair, reasonable, and adequate resolution of the bona-fide FLSA and WWPCL claims and causes of action in this matter. (Luzi Decl., ¶ 10.)

## CONCLUSION

For all of the reasons herein, the parties respectfully request that this Court enter a Final Order Approving Settlement:

1. Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appointing Marc Trautman as Class Representative for the WWPCL Class and FLSA Collective;

4. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declaring the Settlement Agreement to be binding on the Parties;

6. Dismissing with prejudice the Settlement Class members' released claims;

7. Dismissing without prejudice the FLSA Claims of the Putative Collective Members who did not timely and properly file a Consent to Join Form with this Court in full accordance with the procedures set forth in this Agreement;

8. Dismissing without prejudice the WWPCL Claims of the Putative Class Members who properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;

9. Granting Plaintiff's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 31), in the amount of $40,092.00;

10. Granting Plaintiff's unopposed Motion for Approval of Service Award, (ECF No. 36), in the amount of $5,000.00;

11. Dismissing the case on the merits and with prejudice.

Dated this 4th day of November, 2021

*s/ Scott S. Luzi*		*s/ Erin M. Cook*
Scott S. Luzi, SBN 1067405	Erin (Maggie) M. Cook, SBN 1074294
WALCHESKE & LUZI, LLC	GODFREY & KAHN, S.C.
235 N. Executive Drive, Suite 240	833 East Michigan Street, Suite 1800
Brookfield, Wisconsin 53005	Milwaukee, Wisconsin 53202
Telephone: (262) 780-1953	Telephone: (414) 287-9569
Email: sluzi@walcheskeluzi.com	Email: MCook@gklaw.com

*Attorneys for Plaintiff*		*Attorneys for Defendant*